NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-746

ANNE M. LEONE

vs.

EDWARD T. PATTEN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial in the Superior Court, the former husband, Edward T. Patten (husband), was found in breach of contract for failing to make alimony payments to the former wife, Anne M. Leone (wife), in accordance with their separation agreement.  In this appeal, the husband claims that the judge erred in (1) rejecting his claim that the wife fraudulently reported her income at the time of divorce and (2) failing to provide the husband with an opportunity to be heard before correcting a scrivener's error.[1]  We affirm.

1.  Background.  This case involves a contentious divorce. The husband and wife were married in 1988 and in 2005 a judgment

_____

[1] To the extent that we do not specifically address other points made by the husband in his briefing, those points "have not been overlooked.  We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

of divorce nisi entered.  The wife testified that, under the separation agreement,[2] she was to receive from the husband monthly alimony payments of $1,720.  In 2016, the wife filed a complaint in the Superior Court, alleging that the husband breached the separation agreement by failing to make alimony payments as of September 2014.  The husband's defense was that the contract was rendered void due to the wife's fraudulent misrepresentation of her income to the Probate and Family Court at the time of their divorce.

On October 26, 2021, a jury-waived trial was conducted, and the husband and wife agreed to waive detailed findings of fact and rulings of law.[3]  See Rule 20(2)(h) of the Rules of the Superior Court (2018).  That rule also allows the parties to submit special questions to the judge on the elements of each claim equivalent to that of a jury verdict form.  Both husband and wife agreed to limit the scope of the trial to whether the separation agreement was breached and whether the agreement was rendered void due to fraud.  The parties also agreed to the special verdict slip.

---

[2] The separation agreement, "incorporated but not merged" with the divorce judgment (with the exception of provisions related to child support), provided that it "shall survive [the divorce judgment] and be thereafter forever binding" on the parties "as a . . . contract."

[3] The husband, a practicing attorney, represented himself at trial.

The evidence at trial consisted of the testimony from one witness, the wife, and two exhibits, the parties' 2005 separation agreement and certain short form financial statements introduced by the wife.

On October 29, 2021, the judge determined that the husband had breached the separation agreement by failing to pay alimony and failed to prove that the wife had committed fraud in reporting her income at the time of the divorce. The judge awarded damages to the wife in the amount of the unpaid alimony payments from September 2014 to the date of the verdict, as well as prejudgment interest. On November 4, 2021, the judge ordered the verdict slip be amended because "there was a scrivener's error" regarding whether the husband breached the separation agreement, and the judge signed an amended verdict slip to reflect that the husband did breach the separation agreement.[4]

2. Discussion. Where, as here, the parties agreed to waive detailed findings of fact under Superior Court rule 20(2)(h), "appellate review of the court's decision and of the judgment entered shall be according to the standard of review that would apply to a verdict by a jury in a case tried to a jury and to the judgment entered thereon." Rule 20(8)(b) of

---

[4] The original verdict slip was in error in that question 1, asking if the husband had breached the separation agreement, was checked off "no."

3

the Rules of the Superior Court. In other words, the verdict, and the judgment entered thereon, will be upheld so long as "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the" prevailing party. Rabassa v. Cerasuolo, 97 Mass. App. Ct. 809, 814 (2020) (quotation omitted).

Based upon a review of the evidence at trial, we conclude that the judge's findings -- that the husband breached the separation agreement when he stopped paying alimony to the wife and that the wife did not make fraudulent misrepresentations at the time the parties entered into the separation agreement -- are supported by sufficient evidence. The judge was permitted to credit the wife's testimony, who attested to the fact that the husband stopped paying alimony in September of 2014. Throughout the trial, the husband never challenged the wife's claims that he failed to pay alimony: his defense was that his contractual obligation to pay alimony was void due to fraud committed by the wife when reporting her income.[5]

---

[5] At the beginning of the trial, the judge made it clear that the issue at trial was "whether or not [the wife] committed fraud such that her actions would make the contract void." The husband did not object to the judge's framing of the issue. The judge clarified further, indicating that the other issues raised by the husband already had been litigated in the Probate and Family Court and affirmed on appeal. The husband agreed with the judge that the issue at trial was the husband's allegations

4

As to the judge's finding that the husband failed to establish fraud, we again discern no error in the judge's evaluation of the wife's trial testimony. The wife testified that her annual income (of between $30,000 to $38,000) as reported to the Probate and Family Court at the time of the divorce was accurate.

The husband argues that the wife's trial testimony was not truthful because she claimed a monthly income of over $17,000 in mortgage applications made soon after the divorce judgment entered and that therefore she severely and fraudulently underreported her income to the Probate and Family Court. At trial, the husband failed to introduce the mortgage applications into evidence and the only evidence at trial was from the wife, who admitted that while she signed the mortgage documents she did not review them thoroughly because it "was all done by the attorney and the mortgage initiator" and "they told me to sign." The wife also specifically testified that her income as shown on the mortgage documents was "not correct." The fact that a mortgage application, a document wholly unrelated to the separation agreement, reported a substantially higher income for the wife does not establish fraud. The issue for the judge to determine at trial was whether, at the time the parties entered

that the wife had engaged in fraud and misrepresentations of her income and that that impacted the amount of alimony to be paid.

5

into the separation agreement, the wife fraudulently reported her income. Whether the wife fraudulently or mistakenly reported her income in a mortgage application after her divorce is not determinative as to whether the wife fraudulently reported her income to the Probate and Family Court in the divorce proceedings.

"[T]he judge, who has a 'firsthand view of the presentation of evidence, is in the best position to judge the weight and credibility of the evidence.'" Demoulas v. Demoulas Super Mkts. Inc., 424 Mass. 501, 509-510 (1997), quoting New England Canteen Serv. Inc. v. Ashley, 372 Mass. 671, 675 (1977). It was entirely within the judge's role as a finder of fact to weigh the credibility of the witness's testimony and to believe that the wife's annual income was accurate when the divorce judgment entered in 2005. It is the judge's role in a jury-waived trial to make such credibility determinations. "Where there are two permissible views of the evidence, [the judge's] choice between them cannot be clearly erroneous." Demoulas, supra at 510 (quotation omitted).

Finally, the husband has failed to provide the court with any legal authority supporting his contention that he was entitled to a hearing regarding the scrivener's error in the verdict slip. No hearing was required to correct a clerical error. The judge who conducted the jury-waived trial and

6

awarded the wife damages for the husband's breach was the same judge who corrected the verdict slip and the record is clear, without a hearing, that a clerical mistake occurred. The husband's attempt to relitigate the issue of fraud by claiming he has a right to be heard due to a scrivener's error is without merit. The initial notation on the verdict slip indicating that there was no breach of the separation agreement was simply a clerical mistake, one properly corrected by the judge.

<u>Judgment affirmed</u>.

By the Court (Rubin, Neyman & Walsh, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered: October 30, 2023.

---

[6] The panelists are listed in order of seniority.